J-S52028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BRIAN SAUERWINE, | : | |
| | : | |
| Appellant | : | No. 791 EDA 2019 |

Appeal from the PCRA Order Entered February 25, 2019,
in the Court of Common Pleas of Lehigh County,
Criminal Division at No(s):  CP-39-CR-0003289-2006,
CP-39-CR-0003290-2006, CP-39-CR-0003292-2006.

BEFORE:  OTT, J., KUNSELMAN, J., and MCLAUGHLIN, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED NOVEMBER 06, 2019**

Brian Sauerwine appeals *pro se* from the order denying as untimely his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In a prior appeal denying post-conviction relief, the PCRA court summarized the pertinent facts underlying Sauerwine's criminal convictions as follows:

> On numerous occasions between 2003 and 2006, [Sauerwine] sexually assaulted his three [young] nieces.  All of the girls were five years old or younger at the time of the abuse, which occurred when they visited [Sauerwine's] house.  [Sauerwine] sexually assaulted each girl in the same manner.  He would first ask the young girl to sit on his lap.  He would then proceed to rub and touch the girl's buttocks and genitals.  [Sauerwine] also digitally penetrated the vagina of one of the girls.

The children eventually reported the abuse to the mother of one of the girls. On March 27, 2006, the mother relayed the reports of abuse to Lehigh County Children and Youth Services. The Commonwealth subsequently filed three criminal informations against [Sauerwine], one for each victim.

On April 16, 2007, [Sauerwine] entered a guilty plea to indecent assault, 18 Pa.C.S. §3126(a)(7) and (b)(ii), in each of these three cases. This crime, a felony of the third degree, is committed when a perpetrator has indecent contact with a child who is younger than 13 years of age. Under the plea bargain, all other charges, some of which were serious felonies, were withdrawn. The plea bargain also required that the court give minimum confinement sentences which did not exceed the standard range of the sentencing guidelines. There was no plea bargain as to whether the sentences would run concurrently or consecutively.

**Commonwealth v. Sauerwine**, 6 A.3d 559 (Pa. Super. 2010), unpublished memorandum at 1-2 (citing PCRA Court Opinion, 12/16/09, at 2).

On October 22, 2007, the trial court sentenced Sauerwine, consistent with the plea bargain, to an aggregate sentence of twenty-seven months to fifteen years in prison. Although Sauerwine filed a post-sentence motion, he later withdrew it. Sauerwine did not file a direct appeal.

Sauerwine filed a *pro se* PCRA petition on January 14, 2009. The PCRA court appointed counsel, and PCRA counsel filed an amended petition. The PCRA court held an evidentiary hearing on April 29, 2009. By order entered July 20, 2009, the PCRA denied the petition. We affirmed the denial of post-conviction relief on July 13, 2010. **Sauerwine**, **supra**. Our Supreme Court denied Sauerwine's petition for allowance of appeal on December 1, 2010. **Commonwealth v. Sauerwine**, 13 A.3d 478 (Pa. 2010).

Thereafter, Sauerwine again unsuccessfully sought post-conviction relief by filing PCRA petitions in 2014 and 2017. On October 23, 2018, Sauerwine filed the PCRA petition at issue, his fourth. On November 19, 2018, the PCRA court issued Pa.R.Crim.P. 907 notice of its intention to dismiss the petition because it was untimely, and Sauerwine failed to prove an exception to the PCRA's time bar. Sauerwine filed a response. By order entered February 25, 2019, the PCRA court dismissed Sauerwine's petition. This appeal followed.[1] Both Sauerwine and the PCRA Court have complied with Pa.R.A.P. 1925.

Before addressing the issues Sauerwine raises on appeal, we must first determine whether the PCRA court correctly determined that his current PCRA petition was untimely filed. This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there

---

[1] Sauerwine's *pro se* notice of appeal inappropriately lists three docket numbers. **See generally, Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). Our review of the record reveals, however, that in its February 25, 2019 order, the PCRA court informed Sauerwine that he had thirty days in which to file "a Notice of Appeal. Recently, this Court concluded that to instruct a *pro se* litigant in this manner constituted a breakdown in court operations such that, rather than quash pursuant to **Walker**, we could address the merits of the appeal. **See Commonwealth v. Stansbury**, 2019 WL 4197218, ____ A.3d. ____ (Pa. Super. 2019). Since there may have been confusion by this instruction, we will do the same.

is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[2] A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." ***See Commonwealth v. Hernandez***, 79 A.3d 649, 651-52 (Pa. Super. 2013) (citations omitted); ***see also*** 42 Pa.C.S.A. §

---

[2] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

9545(b)(2).[3] Asserted exceptions to the time restrictions for a PCRA petition must be included in the petition, and may not be raised for the first time on appeal. **Commonwealth v. Furgess**, 149 A.3d 90 (Pa. Super. 2016).

Here, because Sauerwine did not file a direct appeal to this Court, his judgment of sentence became final thirty days thereafter, or on November 21, 2007. **See** 42 Pa.C.S.A. § 9545(b)(3). Thus, for purposes of the PCRA's time bar, Sauerwine had to file his first PCRA petition by November 21, 2008. Sauerwine filed his fourth PCRA petition on October 23, 2018. Thus, the petition is patently untimely, unless Sauerwine has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

Sauerwine has failed to plead and prove any exception to the PCRA's time bar. In his fourth petition, Sauerwine did not acknowledge the PCRA's time restrictions or the exceptions thereto. In his *pro se* brief, Sauerwine sets forth several claims of ineffectiveness of counsel. Such allegations cannot establish an exception to the PCRA's time bar. **See**, **e.g.**, **Commonwealth v. Edmiston**, 65 A.3d 339, 349 (Pa. 2013) (explaining that allegations of ineffectiveness of counsel will not overcome the jurisdictional timeliness requirements of the PCRA). Therefore, the PCRA court correctly determined

---

[3] Section 9545(b)(2) has since been amended to enlarge this period from sixty days to one year. **See** Act of 2018, October 24, P.L. 894, No. 146, §§ 2 and 3. The sixty-day time period applies in this appeal.

that it lacked jurisdiction to consider the merits of the Sauerwine's fourth PCRA petition. We therefore affirm its order denying post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/19